UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>BRYAN PETERSEN, et al.,<br><br>    Defendants. | Case No. 17-cr-00259-CRB-1/JD<br><br>**ORDER RE PRETRIAL DETENTION**<br><br>Re: Dkt. Nos. 9, 20 |

The United States appeals Magistrate Judge Corley's May 2, 2017, orders releasing defendants Bryan Petersen and Ryan Spencer from custody pending trial. Dkt. Nos. 9, 20.[1] The matter came to the undersigned judge as a general duty matter, and the case is now assigned to Judge Breyer for all purposes.

The Court stayed the pretrial release of Spencer pending appeal, Dkt. No. 12, and held a hearing for both defendants on May 9, 2017. Spencer withdrew his opposition and agreed to remain in custody. Dkt. No. 19. Petersen stood on opposing detention. Dkt. No. 28. This order reflects the Court's findings made at the end of the hearing.

Judge Corley released Petersen subject to a variety of conditions. *See* Dkt. Nos. 7, 10. After considering the evidence presented by the parties, including a number of written and in-person victim statements presented at the hearing, the Court finds that Petersen presents a significant danger to the community and that no conditions of release will reasonably assure public safety. Consequently, he will be detained pending trial under 18 U.S.C. § 3142(e)(1).

---

[1] The two cases, 17-mj-70631 and 17-mj-70643, have now been consolidated under a joint indictment filed on May 11, 2017. Dkt. No. 29.

## BACKGROUND

The criminal complaint alleges that a confidential witness ("CW") reported in November 2015 that Petersen was receiving child pornography online. Dkt. No. 1 (Petersen Complaint) ¶ 8. Petersen had shown the CW folders on his laptop containing child pornography, and told the CW about a minor with whom he had exchanged child pornography using Dropbox accounts. *Id.* ¶¶ 9-10. Petersen promised the CW he would stop exchanging child pornography but the CW subsequently saw a video sent of Petersen's three or four year old brother, "standing naked and then dancing around at Petersen's encouragement." *Id.* ¶¶ 10-11. Petersen admitted he had sent this video to the same minor with whom he had previously exchanged child pornography on Dropbox. *Id.* ¶ 11. The CW found between 100 and 500 images and videos of child pornography in the Dropbox account. *Id.* ¶ 12. The CW also saw emails in Petersen's Gmail account in which Petersen and a juvenile victim ("JV#1") exchanged pictures of their genitals. *Id.* ¶ 13.

In February 2016, an FBI agent served an administrative subpoena on Dropbox and determined that the account had been created in June 2015 under the name "Bryan P" and was linked to Petersen's Gmail account. *Id.* ¶ 14. In August 2016, the agent served a search warrant for the Dropbox account. *Id.* ¶ 15. According to information from Dropbox, hundreds of files had been added and then deleted between June and July 2015, and the folders used to categorize the files were named "boys pics" and "Best Videos," among others. *Id.*

On April 19, 2017, Chief Magistrate Judge Spero signed a warrant authorizing a search of Petersen's residence in Tiburon, California, which was executed on April 26, 2017. *Id.* ¶¶ 8, 18-19. Petersen, who is 24 years old, was present, and agreed to speak to an agent. *Id.* ¶ 19. He acknowledged knowing JV#1 for several years, who he believed was currently 17. *Id.* ¶ 20. He said he had received a video from JV#1 of JV#1's minor brother masturbating in a bathroom, which was taken without the victim's knowledge. *Id.* ¶ 21.

Petersen said he received child pornography from individuals he met online, including defendant Spencer. Dkt. No. 1 (Spencer Complaint) ¶ 8. Petersen said that 12 to 18 months earlier, he had ordered an external hard drive from Amazon for delivery to Spencer, who loaded the drive with child pornography. *Id.* ¶ 11. Petersen estimated that drive stored between 10,000 to

2

100,000 images and videos. Dkt. No. 20 at 5 (citing Dkt. No. 21 (Garcia Decl.), Exh. C (audio interview filed under seal)). Petersen admitted that he had taken nude photographs of children he babysat and sent those images to Spencer. *Id.*

Petersen's initial appearance was on April 27, 2017. Dkt. No. 5. At that time, the government had not arrested Spencer. Judge Corley ordered Petersen released with conditions and set a detention hearing for May 2, 2017. *Id.*

A search warrant was executed at Spencer's residence on April 27, 2017, with Spencer present. Dkt. No. 1 (Spencer Complaint) ¶ 21. FBI agents seized his iPhone. *Id.* ¶ 24. The phone revealed Kik messages between Spencer and Petersen showing that defendants solicited babysitting jobs to have physical contact with children and shared nude photos of the children with each other. *Id.* ¶¶ 25-26; Dkt. No. 21, Exh. D (filed under seal). According to the government in its publicly available brief:

> In one Kik exchange, for example, Petersen reported that one of the children he was babysitting was "laying on my lap fondling himself." Ex. E (redacted Kik messages).[2] Petersen promised that he would "send pics" the next day. *Id.* Spencer asked whether Petersen had "anything naked," to which Petersen responded, "Some." *Id.* Petersen then sent Spencer a photograph of two prepubescent boys naked in a bathtub, with penis and buttocks visible, and additional photographs of prepubescent boys changing into their pajamas. *Id.*; *accord* Spencer Compl. ¶ 15.

Dkt. No. 20 at 6.

For the hearing on May 2, 2017, Judge Corley received several victim impact statements from parents of children that Petersen had cared for. Dkt. No. 21, Exh. E (filed under seal). Several parents were present at the hearing. Judge Corley ordered Petersen released on a $500,000 secured bond. Dkt. No. 20 at 11. The release order imposed home confinement with electronic monitoring, no ability to leave the house except with pretrial services' approval and accompanied by a parent or stepparent, no access to internet, cell phones, or devices that could

---

[2] Erroneously mislabeled in the government's motion as Exhibit E -- it is Exhibit D of Dkt. No. 21.

3

connect to the internet, and no contact with children or victims. *Id.*; Dkt. No. 25 at 2-3.[3] Spencer remained in detention while the posting of his bond was completed, but his release was also contemplated.

Before this Court, Spencer consented to pretrial detention, and the Court took argument on Petersen's detention status. The United States argued that a presumption of detention should apply because there was probable cause to believe Petersen produced and distributed child pornography, although at the time he was charged only with possession of child pornography. Dkt. No. 20 at 13-14. It also argued that even if a presumption did not apply, it had shown by clear and convincing evidence that Petersen is a danger to the community that no conditions of release can reasonably protect against. *Id.* at 14.

At the hearing, Petersen advised the Court that he and his family have moved out of Tiburon, apparently in response to Judge Corley's concern that victims live and attend school near Petersen's home. Petersen also said that his father had agreed to serve as a full-time custodian pending trial.

**DISCUSSION**

**I. STANDARDS**

The Court reviews de novo the pretrial release order of a magistrate judge. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). The Court does not defer to the magistrate judge's findings of fact or ultimate conclusion. *Id.* at 1193.

In deciding whether to grant or deny bail, the Court is mindful "of the presumption of innocence and its corollary that the right to bail should be denied only for the strongest of reasons." *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). The Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq.*, specifically mandates the release of charged individuals pending trial unless the Court "determines that such release will not reasonably assure the

---

[3] The final conditions of release as modified by pretrial services were not memorialized on the docket, *see* Dkt. Nos. 7, 10, but the parties agree that these were the key conditions. Petersen also notes that no internet routers or devices were allowed in the home, except for one smart phone per parent that must be in their physical possession at all times, and use of an analog phone only for contact with pretrial services and counsel. Dkt. No. 25 at 3.

4

appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). "Doubts regarding the propriety of release are to be resolved in favor of defendants." *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

The Bail Reform Act provides that certain offenses with a minor give rise to a rebuttable presumption that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e)(3)(E). While the government says this presumption should apply in light of evidence that Petersen distributed and produced child pornography, the Court declines the suggestion because the only charged offense at the time of the hearing was for possession, which is not subject to a detention presumption. Dkt. No. 1.[4]

Consequently, the government bears the burden of showing by "clear and convincing evidence" that no condition or combination of conditions will reasonably assure the safety of others or the community. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). To determine if the defendant is a danger to the community, the Court evaluates four factors: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). The government and defendant may proceed "by proffer or hearsay" and the defendant has no right to cross-examine adverse witnesses who have not been called to testify. *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986). If, after the hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

## II. PRETRIAL DETENTION IS WARRANTED

There is no question that, on the evidence before the Court, the factors in section 3142(g)

---

[4] As it indicated at the hearing that it might do, the government subsequently filed an indictment charging Petersen and Spencer with violations of 18 U.S.C. § 2252(a)(2), Conspiracy to Distribute and Receive Child Pornography, Distribution of Child Pornography, and Receipt of Child Pornography.

5

support pretrial detention. The nature and circumstances of the charged offense entail the sexual exploitation of children -- one of the gravest and most serious crimes that a defendant can be charged with. The evidence against Petersen, including his own admissions, weighs substantially against him. Among other evidence, he possessed somewhere between 10,000 to 100,000 images of child pornography and videos, including photos he himself took. While the Court is mindful that this factor is not a leading indicator for detention, the sheer volume of Petersen's collection and other evidence against him cannot be disregarded.

In terms of personal characteristics, Petersen stands out for his willingness and ability to insinuate himself into positions of trust and then betray that trust for his illicit purposes. He took nude pictures of children that he was babysitting, and shared the pictures with Spencer. He intentionally forged close relationships of trust with neighborhood parents to obtain unmonitored access to their children. On occasion, he touched in a sexual manner the children entrusted to his care. Petersen also stands out for his proficiency in using encrypted storage devices and online technology such as Kik and Dropbox to facilitate his conduct. Overall, Petersen manifests significantly more predatory characteristics than other defendants charged with possession of child pornography, coupled with a high degree of computer-related skills. As a result, he clearly poses a danger to any community in which he might be released pending trial.

The remaining question is whether any conditions of release would reasonably mitigate that risk and assure that Petersen would not be a danger. That question must be answered in the negative. Judge Corley proposed that Petersen be on lockdown at his father and stepmother's home in Tiburon, without any access to the internet or devices that can access the internet, with no contact with minors or victims, and his compliance secured with a $500,000 bond. At oral argument, Petersen proposed that his father could be with him 24 hours a day.

While by no means trivial, these measures are not enough to protect the community. Petersen's modus operandi was to induce trust and betray it. Petersen's commitment to that tactic, and his success with it, raise insurmountable concerns that he cannot be trusted to adhere to conditions restricting his behavior. The fact that the conduct underlying the charge against him occurred while he lived in his father's home substantially undercuts any assurance that might be

derived from his father's offer to be a full-time custodian. Aggravating these concerns is the undisputed fact that Petersen is adept and skillful in using the internet and other technology. Several courts have recognized the virtual impossibility of controlling access to the internet and other technologies in circumstances like this. *See e.g., United States v. Reiner*, 468 F. Supp. 2d 393, 398-99 (E.D.N.Y. 2006); *United States v. Minnici,* 128 F. App'x 827, 829-30 (2nd Cir. 2005). The Court shares this concern, and Petersen did not propose a meaningful way to address it.

## CONCLUSION

The government has met its burden of showing by clear and convincing evidence that Petersen is a danger to the community if released pending trial. Consequently, pursuant to 18 U.S.C. § 3142(i), the Court orders that Petersen be detained "in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal," that he "be afforded reasonable opportunity for private consultation with counsel," and that "on order of a court of the United States or on request of an attorney for the Government," he be delivered "to a United States marshal for the purpose of an appearance in connection with a court proceeding."

**IT IS SO ORDERED.**

Dated: May 17, 2017

JAMES DONATO
United States District Judge